ALBERT F. FRYE, Appellant, v. WILLIAM C. WARREN et al.

Division One, March 2, 1915.

APPELLATE JURISDICTION: Agent's Commissions for Selling Land.   The Supreme Court has no jurisdiction of an appeal from a judgment sustaining a demurrer to plaintiff's petition and dismissing his suit, brought against both vendors and vendee,

wherein he alleges that, as a real estate agent in pursuance to a contract with the vendors to sell their land, he was to receive as his compensation all the purchase price above $5000, and that he did sell it for $7000, by a binding contract, which both vendors and vendee have repudiated and refuse to enforce, and asking for a judgment for $2000, and that it be made a lien on the land. Said suit does not involve title to real estate.

Appeal from Newton Circuit Court.—*Hon. Carr McNatt,* Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

*Albert Frye* pro se and *George Hubbert* also for appellant.

*Horace Ruark* and *Frank L. Forlow* for respondents.

## STATEMENT.

This case was submitted on briefs, thus depriving us of the benefit of an oral argument. The second amended petition is lengthy. It states in substance that the plaintiff is an attorney and real estate agent; that he was employed in the latter capacity by William C. and Mary J. Warren to dispose of forty acres of land owned by them in Newton county, Missouri; that his compensation was to be the excess over five thousand dollars for which he might be able to sell the land; that he communicated this employment to Thomas F. Coyne at Joplin, Missouri, who gave him a check for one thousand dollars as part payment for the land, at the rate of one hundred and seventy-five dollars per acre, and that he executed the following receipt to said Coyne.

REC'D of T. F. COYNE a check for one thousand dollars to bind the bargain for the sale of southeast quarter of section 19, township 27, range 32 at $175 per acre subject to the right of way. If right of way is a deed it will have to be less amount of

right of way at $175 per acre. The balance to be paid within ten days or when the title is perfect. The owners to furnish abstract of title. The owners to make affidavit that the ground has never been drilled and to guarantee that farmers occupying the land will permit of the same being laid off in mining lots and mined.

T. F. COYNE,

W. C. WARREN,

MARY J. WARREN,

Owners.

, By A. F. FRYE,

Their Agent.

That on the same day, November 22, 1910, he procured the following agreement from William C. Warren:

Saginaw, Newton Co., Mo.,

November 22, 1910.

"William C. Warren and Mary J. Warren, his wife, hereby acknowledge the sale of the southeast quarter of section 19, township 27, range 32, containing forty acres of land in Newton Co., Mo., to T. F. Coyne for $5000 by A. F. Frye, and the said Coyne has drawn his check on the Webb City Bank for $1000, payable to W. C. Warren, which they acknowledge the receipt of same as first payment, the balance of $4000 to be paid when abstract of title is furnished showing perfect title. Said Frye is to hold the $1000 check as agent of W. C. Warren until tomorrow, when the same is to be deposited in some bank in Joplin with the deed until the abstract of title is furnished showing title perfect as aforesaid when balance as aforesaid is to be paid and deed and abstract delivered.

W. C. WARREN.

A. F. FRYE.

Witness: HENRY C. SWOPE, J. P.

It is understood that in case Marion Staples, my agent, has sold this property today to a *bona fide* purchaser for $5000 and entered in a written contract in my name, then it is at my option to terminate this agreement. If he has not sold it as aforesaid, I agree to notify him early in the morning and withdraw the property from his hands and close the deal as per this agreement. Should Mr. Staples refuse to terminate his agreement with me on the tender of his commission, then this contract is to be null and void at my option.

W. C. WARREN.

A. F. FRYE."

That pending the preparation of an abstract of title, the deed from Warren and wife, and the check

from Coyne, were deposited in a bank for cross-delivery on consummation of the transaction. The petition then states that owing to some hesitation upon the Warrens' part to go forward in the matter, the plaintiff Frye, in Coyne's name, brought suit in the circuit court of Newton county against them to enforce the specific performance of the contract and to compel the Warrens to convey the land on the 26th of November, 1910. The petition does not state what became of this action, but the statement of appellant shows that Mr. Coyne interfered with him and dismissed the suit which he had brought in Mr. Coyne's name in Newton county. The petition concludes, to-wit:

"That the said Warrens, having made, executed and acknowledged their warranty deed on November 22, 1910, purporting to convey the said land to the said Coyne, and having made affidavit that the ground had not been drilled over, and having guaranteed that the farmers occupying the land would permit the land to be laid out into mining lots and mined, and they, the said Warrens, deposited the same in the said Cunningham Bank along with an abstract of title showing title vested in the said Warrens perfectly, and they also advised said Coyne of those facts and offered and tendered to him the said deed, abstract, affidavit, etc., and asked him to perform and execute the said contract on his part and receive the said conveyance and pay over the said purchase money for said land, this on or about the ―― day of ――, 1910, when the said Warrens stood ready and able and willing to carry out the terms of said contract on their part, plaintiff aiding therein and urging such performance on both sides and in his own interest and behalf on account of his beneficial interest therein as aforesaid, in pursuance of which the said Warrens deposited said deed for Coyne in said bank.

"That then the said Coyne deferred and demurred in his turn, having come into communication with

the forementioned other persons who were alleged to have purchased said property through another agent of the said Warrens, claim of which was untrue as above mentioned, the said alleged purchasers being . . . and the said other agent being . . . and the said alleged other purchasers turning out to be friends and business associates of the said Coyne.

"That defendants, having in view the advantages to plaintiff of the performance of said contract of sale as between contracting vendor and purchaser, and of the advantages of defendants on the other hand of not performing said contract, in this, that Coyne, his associates or friends might by later arrangements obtain the said property for somewhat less by dealing otherwise with the said Warrens, and that they, the said Warrens, might obtain for said property somewhat more by such arrangements and dealing—the defendants, their friends, associates and others unknown to plaintiff, have combined, confederated and conspired together, wrongfully and fraudulently, to deprive the plaintiff of his rights and interests in the said contract, land, sale money, proceeds and profits, by their acts and doings in and about the premises, all apparently by independent and several conduct, yet concurrently to the same end, by implied and express mutual consent and combination, and *said Coyne has repudiated and stopped payment of his said $1000 check, and demanded its return.*

"That defendants, in pursuance of the said combination, confederation and conspiracy, have severally and collectively denied the binding force of said sale contract and repudiated the same altogether, under sundry false and fraudulent pretenses and contentions, against the interests, rights and protests of plaintiff, who has a substantial and beneficial interest in the said contract, in the said land and its proceeds, being a party, as he was and is, to the said sale contract, to the extent of $2000 (of the contract price of $7000), due to

be paid by said Coyne nominally to the Warrens and by them turned over concurrently to plaintiff for his said services.

"That the defendants, for the wrongful purpose and with the fraudulent intent to deprive plaintiff of his said contracted commission and compensation, *have taken the wrongful stand that they are under no obligation to, and they will not, further perform said contract or consummate said sale or conveyance* to any extent, without which plaintiff can have no adequate legal right or remedy against either of them for the recovery of the said $2000.

"That concurrently and co-operatively the defendants, in pursuance of the aforesaid conspiracy and combination, for the accomplishment of their fraudulent intent and design towards the plaintiff as aforesaid, wrongfully contribute to the defeat of plaintiff in his claim to the said $2000 of the price of the said property under said sale contract; that is to say, the said Coyne refuses to, and he will not pay or stand responsible for the purchase money for said land, and the said Warrens refuse to and will not deliver the said deed or convey said land to or for the use of said Coyne in pursuance of the said contract as negotiated by plaintiff, though plaintiff has often demanded of them each severally that they do so, and that they fully execute and perform the said contract altogether, each upon his own part, and that they pay the plaintiff and to his use the said sum of $2000, which they have refused and yet refuse to do.

"That otherwise than by this suit plaintiff has no remedy, at law or in equity, whereby he may in anywise compel the said defendants, or either of them, to pay him the said sum of $2000, or any part thereof, or to indemnify him for any loss or damage resulting, as it very certainly will, from the aforesaid wrongs and injuries by their refusal to perform the said contract or to pay or provide for him the said sum as his

just dues for his said services under the terms of his employment and the contract as aforesaid and in finding and producing a purchaser for and making sale of said property as aforesaid.

"Plaintiff prays that the court adjudge and decree that the said defendants shall in all things and fully perform specifically the said contract of sale and conveyance upon the one hand and the purchase agreement upon the other hand to take and pay the said contract price for the said land and premises, viz., $7000 in full (for that he said Coyne has stopped payment upon and repudiated the said check), and that the defendants be required and compelled to pay plaintiff his share of the said purchase money, viz., $2000, with interest thereon, and that if for any reason the court find and decree that defendants may be relieved in any degree from such full performance upon renunciation or waiver of the advantages thereof as between themselves, the plaintiff nevertheless have and recover his said share of $2000 upon due accounting of the defendants therefor, and that the plaintiff have by decree herein a first lien and charge upon the said land for satisfaction of his claim as allowed and adjudged by the court, and that the plaintiff have and be decreed such and all other relief and remedies as the court shall find him entitled to in equity and good conscience upon the facts that shall be established in the case, together with interest and costs, inclusive of damages for breach of contract upon the part of defendants if the circumstances preclude the more specific remedy."

Both Warren and wife and Thomas F. Coyne were made party defendants to the above petition. They demurred separately and the trial court sustained their several demurrers and plaintiff declining to plead further dismissed his suit, from which he has duly appealed to this court.

## OPINION.

BOND, J. (After stating the facts as above.)—It is apparent from the face of the petition that we have

**Appellate Jurisdiction.**

no appellate jurisdiction of this cause. The amount involved is only two thousand dollars. The parties to the alleged agreement to sell the land described in the petition have avowed their unwillingness to take any action looking to its enforcement and insist that they have entered into no binding obligation to sell and purchase. All these facts appear in the allegations of the petition. It is a novel idea that plaintiff, a stranger in title and interest to the land, has a right to come into a court of equity to compel the owners to sell to a party who has declined to buy and to whom the owners have refused to sell each upon the statement that no binding contract exists between them for the transfer of the title.

The case must be transferred to the Springfield Court of Appeals, as not involving any amount or any question giving this court appellate jurisdiction. For this reason we refrain from passing on the action of the trial court in sustaining the demurrers to plaintiff's petition and relegate that question to the proper appellate forum. The cause is hereby transferred to the Springfield Court of Appeals. All concur.